## UNITED STATES COURT OF INTERNATIONAL TRADE

```
_____
                                     )
INCASE DESIGN CORP.,                 )
                                     )
                                     )
                      Plaintiff,     )    Court No. 16-00235
       v.                            )
                                     )
UNITED STATES,                       )
                                     )
                      Defendant.     )
_____)
```

# **COMPLAINT**

Plaintiff, Incase Design Corp. ("Incase"), through its undersigned attorneys, alleges the following as its complaint in this case:

1. The United States Court of International Trade has jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

2. Plaintiff is the importer of record of the subject merchandise.

3. The protest[s] and summons in this action were timely filed.

4. All liquidated duties, charges and exactions were paid prior to the commencement of this action.

5. The subject merchandise consists of automobile cellphone chargers ("chargers"). Each model charger is imported with an integrated and/or separate cable incorporating a lightning connector that is specially designed for and primarily used with Apple® branded cellular phones.

6. Apple® branded cellular phones are telecommunication devices.

1

7. The chargers were classified upon liquidation under subheading 8504.40.95, Harmonized Tariff Schedule of the United States ("HTSUS"), as "[e]lectrical transformers, static converters (for example, rectifiers) and inductors; parts thereof: Static converters: Other," and was assessed with duty at the rate of 1.5% *ad valorem*.

8. The chargers are used primarily with telecommunication devices and are properly classifiable under subheading 8504.40.85, HTSUS, as "[e]lectrical transformers, static converters (for example, rectifiers) and inductors; parts thereof: Static converters: For telecommunication apparatus," free of duty.

**WHEREFORE**, plaintiff respectfully requests that U.S. Customs and Border Protection's ("CBP") classification upon liquidation of the subject merchandise be overruled, that the claimed classification for the subject merchandise under subheading 8504.40.85, HTSUS, be sustained; and that the appropriate CBP official be directed to reliquidate the involved entries accordingly, and to refund the excess duties collected, with lawful interest, and that the Court grant such further relief, including attorney's fees and costs, as it deems proper.

Respectfully submitted,

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT, LLP
Attorneys for Plaintiff

By:  s/ Robert F. Seely
Robert B. Silverman
Robert F. Seely
599 Lexington Avenue
36th Floor
New York, New York 10022
Tel. (212) 557-4000

2

rsilverman@gdlsk.com
rseely@gdlsk.com

Erik D. Smithweiss
707 Wilshire Boulevard
Suite 4150
Los Angeles, CA 90017
Tel. 213-624-1970
esmithweiss@gdlsk.com

Dated:  New York, New York
       October 28, 2021